UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH ROBINSON,<br><br>Defendant. | Case No. 1:19-cr-00199-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Elizabeth Robinson's Motion to Compel (Dkt. 23). For the reasons explained below, the Court will deny the motion.

# BACKGROUND

Robinson is charged with one count of possession with intent to distribute oxycodone. In December 2018, Robinson's mother mailed two packages. One was addressed to Robinson and the other to Robinson's adult daughter, Jamie Weaver. The package addressed to Weaver contained Christmas presents along with a bottle of 33 Percocet tablets. Robinson contends that federal agents unlawfully seized both packages, and she has moved to suppress "all fruits of the unlawful search."

*See Motion Mem.*, Dkt. 15, at 5. The Court will conduct an evidentiary hearing on that motion on November 22, 2019.

A few days before the hearing on the suppression motion, Robinson filed the pending motion to compel. She says the government should be compelled to produce the following categories of documents:

1) **Resumes and Training Records.** "The curricula vitae, including all records of trainings and courses completed, for Special Agent Brandon Poggi and U.S. Postal Inspector Darin Solmon."

2) **"Policy or Training Documents."** "Any DEA, U.S. Postal Inspection Service, or other policy or training documents that provide controlling or advisory guidance to DEA or USPI agents on how to conduct investigations, including, in particular, guidance or training advice on:

   a. when such agents must or may audio or video record interviews or other investigatory steps;

   b. when such agents must or may take notes or prepare written reports;

   c. how those reports should be prepared and what information they should contain;

   d. techniques such agents are trained to employ in order to extract consent from suspects; and

   e. what steps agents must, may or are advised to take to corroborate tips they receive from informants."[1]

---

[1] Defendant also asks for an order compelling the government to produce "all other *Brady, Giglio*, and/or *Henthorn* materials in the government's possession." The Court will deem this aspect of the motion moot based on government counsel's representation that all such materials have already been produced. *See Response*, Dkt. 27, at 11.

# DISCUSSION

A criminal defendant is entitled to inspect and copy documents in the government's possession if those documents are "material to preparing the defense . . . ." Fed. R. Crim. P. 16(a)(1)(E)(i). To secure discovery under Rule 16(a)(1)(E), defendant carries the burden of demonstrating materiality. *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984). Generally speaking, evidence is material under Rule 16 if it is relevant to the development of a possible defense. *United States v. Olano*, 62 F.3d 1180, 1203 (9th Cir.1995). Nevertheless, defendants cannot meet their burden simply by providing a general description of documents they are seeking or by making conclusory assertions of materiality. Little, 753 F.2d at 1445. Rather, the defendant must present facts which would tend to show the government has information that is helpful to the defense. *Little,* 753 F.2d at 1445. Further, other district courts have concluded that if a defendant is generally casting around for impeachment materials, this does not satisfy the materiality requirement. *See, e.g., United States v. Liquid Sugars*, 158 F.R.D. 466, 471 (E.D. Cal. 1994). As one court explained, "requests that are designed to generally cast for impeachment materials . . . are not material. Such requests are instead simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful." *Id.*

Here, Robinson has not shown that the documents she seeks are "material"

within the meaning of Rule 16(a)(1)(E). Rather, she hopes to identify an internal rule or policy the agents didn't follow, or perhaps some training the agents did or did not receive. Then she plans to use that information to support an argument that the agents are incompetent or untruthful or both. These sorts of general fishing expeditions are not permitted under Rule 16. Further, as the government points out, the Court's analysis of the pending suppression motion will be informed by the Constitution – not by whether the agents followed internal policy. Finally, in *United States v. Armstrong*, 517 U.S. 456 (1996), the Supreme Court considered the parameters of Federal Rule of Criminal Procedure 16(a)(1)(C) – now Rule 16(a)(1)(E) – and held that defendants are entitled to the discovery of only those materials that are relevant to the defendant's response to the Government's case in chief. The *Armstrong* Court explained that

> While it might be argued that as a general matter, the concept of a "defense" includes any claim that is a "sword," challenging the prosecution's conduct of the case, the term may encompass only the narrower class of "shield" claims, which refute the Government's arguments that the defendant committed the crime charged. Rule 16(a)(1)(C) tends to support the "shield-only" reading. If "defense" means an argument in response to the prosecution's case in chief, there is a perceptible symmetry between documents "material to the preparation of the defendant's defense," and, in the very next phrase, documents "intended for use by the government as evidence in chief at the trial."

*Id.* at 462. Interpreting *Armstrong,* the Ninth Circuit held that defendants "are entitled to the discovery of only those materials relevant to the charges [against

them]." *United States v. Chon*, 210 F.3d 990, 995 (9th Cir. 2000). Thus, in a case where the discovery requests at issue were "considerably broader and the materials in question d[id] not serve the purpose of fortifying the [defendants'] 'shield claims,'" the court properly denied the defendants' discovery requests. *Id.*; *see also United States v. Norita*, 708 F. Supp. 2d 1043 (D.N.M.I. 2010) (concluding that a DEA Agent field manual was not "material" within the meaning of Fed. R. Crim. P. 16(a)(1)(E)).

## ORDER

**IT IS ORDERED that** Defendant's Motion to Compel (Dkt. 23) is **DENIED.**

DATED: November 22, 2019

_____
B. Lynn Winmill
United States District Judge